Per Curiam.
 

 The bill states the bequest of certain negroes by McCutchin, deceased, to his wife, who afterwards married Pi’ice, for her life, and then said negroes to be liberated. It states that the plaintiffs are the next of kin, together with some of the defendants. That Price intermarried with the widow, and that he has given indications of an intent to sell or remove the negroes. The bill is founded upon the idea that, the gift of freedom is void ; that the surplus does not belong to the executors; that the next of kin are entitled in remainder, and that the property ought to be secured for them. The evidence is, that Price said he would sell the
 
 *173
 
 ''■negroes, particularly when drinking. Some of the witnesses ad- ■ vised him to do so ; one of them says Price told him he would take them down the river and sell them, and applied to the witness to *aid in confining them for that purpose. It is proved that Price is often intoxicated, and, in that situation, is easily prevailed on to do whatever is recommended to him. A testator may direct that the executors shall endeavor to procure the emancipation of his slaves; and if the executor can do so, then all claims founded upon the legal impossibility of doing so, vanish. But if the attempt fail, then their claims are valid. The possibility is such an interest as the law will take notice of and protect. The court will not. now decide further than this, that if the executors shall not be able to procure the emancipation, that then the complainant’s claims subsist. For it is true that the laws of this State do not allow of the surplus to executors. They are to deliver over to the legatees, or next of kin, the estate of the deceased, that is not disposed of in legal payments and disbursements. It is of necessity that the next of kin succeed, for there are no others who can. That brings us to the question, what circumstances require the property to be secured ? Where there is no danger of waste or removal, it is sufficient to order an inventory, describing the property, to be signed by the tenant for life, and to be lodged in the office of the clerk and master; but where there are such signs or indications as l’aise suspicion that a sale or removal are intended, or like to take place, then security ought to. be required; otherwise, in many instances of residence near the line of the State, the duty of the court might be wholly defeated in the course of a few hours by a sudden removal. Circumstances are proved in this case which satisfy the court that some danger is to be apprehended. Decree that the' clerk and master report to-morrow morning the value of said slaves and their increase, and that the defendant, Price, shall give security in the amount of their value, in a bond with sureties to be approved of' by the said clerk and master, with condition underwritten or annexed, that he will not remove said negroes, or any of them, * beyond the bounds of this State, nor otherwise dispose of them, so as to impair the interests of those in remainder, in which bond shall be expressed the names of said' negroes; and in case of any future increase, or if for any other cause said security become inadequate, that then the
 
 *174
 
 compláinants shall be at liberty to apply to this court for further security; and in case the said bond with sureties shall not be given; on or before the next term of this court, that then the complainants shall be at liberty to apply for further directions, and that the said Price shall continue under all the obligations which have been taken from him in this cause, till the present and future decree of this court shall be complied with on his part. The bill, so far as respects Kinnard, to be dismissed with costs. He was made a defendant without any cause; he only hired negro Jack at $50 per annum, and the complainants might have known it, had they taken the trouble to inquire. ■
 

 See, as to
 
 remedy against tenant jor life to prevent waste or loss, Smith
 
 v.
 
 Bell,
 
 Mar. & Yer. 302; King’s Digest, 5694.